JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

ACADIA L. SENESE (CABN 251287)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6809
    Fax: (415) 436-7234
    Email: Acadia.Senese@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 09-1034 JCS |
| )| |
|     Plaintiff, ) | |
| ) | |
|   v. ) | |
| ) | [Proposed] ORDER OF DETENTION |
| ZACHARY MORENO, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

    On February 5, 2010, the parties appeared before the Court for a detention hearing. The defendant was present and represented by Federal Public Defender Shawn Halbert. Special Assistant United States Attorney Acadia Senese represented the United States.

    The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community.

    Pretrial Services submitted a report recommending detention.

    Upon consideration of the Pretrial Services report, the court file and the party proffers as discussed below, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

[PROPOSED] ORDER OF DETENTION
Case No. CR-09-1034 JCS

1  The Court orders the defendant detained.

2  The present order supplements the Court's findings at the detention hearing and serves as a
3  written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(I).

4  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court
5  must consider in determining whether pretrial detention is warranted. In coming to its decision,
6  the Court has considered those factors, paraphrased below:

7      (1)  the nature and seriousness of the offense charged;

8      (2)  the weight of the evidence against the person;

9      (3)  the history and characteristics of the person including, among other
10        considerations, employment, past conduct and criminal history, and records of
11        court appearances; and

12     (4)  the nature and seriousness of the danger to any person or the community that
13        would be posed by the person's release.

14  18 U.S.C. § 3142(g).

15  Defendant Zachary Moreno is charged with violating 18 U.S.C. § 111(a)(1) (assault on a
16  peace officer) and 36 C.F.R. § 2.4(a)(1)(i) (possession of a weapon). The instant charge stems
17  from an incident on or about September 6, 2009, where the defendant is alleged to have been
18  arrested for assaulting a federal officer with an eight-inch knife.

19  In considering all of the facts and proffers presented at the hearing, the Court finds the
20  following factors among the most compelling in reaching its conclusion that no combination of
21  conditions could reasonably assure the defendant's appearance as required:

22  First, the Court finds that the defendant has a dozen or more prior failures to appear.
23  Second, the defendant violated the conditions of release previously imposed by this Court. Third,
24  given those circumstances, the additional circumstances that the defendant appears to have a
25  mental health condition, and that there are no conditions of release offered by the defendant to the
26  Court - no sureties, no half-way house, and no residential treatment facility - the Court hereby
27  orders the defendant detained.

28  These factors, among others adduced at the hearing, demonstrate by a preponderance of

the evidence that if released, the defendant would not appear as required.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and,

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: 02/09/10

JOSEPH C. SPERO
United States Magistrate Judge